UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CV 01796**

---------------------------------------------x
DEIRDRE RYAN, an individual; on behalf of
herself and all others similarly situated,

                          Plaintiffs,

vs.

PRIMARY FINANCIAL SERVICES, LLC, an
Arizona Limited Liability Company; and JOHN
AND JANE DOES NUMBERS 1 THROUGH
25,

                          Defendants.
---------------------------------------------x

CASE NO.:

JUDGE MOTZ

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1.     Plaintiff, DEIRDRE RYAN ("Plaintiff" or "RYAN"), on her own behalf and on behalf of the class she seeks to represent, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.     The Plaintiff alleges that the collection practices of Defendant, PRIMARY FINANCIAL SERVICES, LLC ("Defendant" or "PRIMARY") violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Such collection practices include, *inter alia*:

    (a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

    (b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

    (c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the

*per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

7. The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, requests that she be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

8. RYAN is a natural person.

9. At all times relevant to this lawsuit, RYAN was a citizen of, and resided in, the City of Peekskill, Westchester County, New York.

10. At all times relevant to this lawsuit, PRIMARY is a Limited Liability Company existing pursuant to the laws of the State of Arizona.

11. PRIMARY maintains its principal business address at 3115 North 3rd Avenue, Suite 112, City of Phoenix, Maricopa County, Arizona.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business

entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of PRIMARY that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by PRIMARY and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of RYAN occurred within this federal judicial district, and because PRIMARY is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS REGARDING RYAN

16. Sometime prior to February 9, 2011, RYAN allegedly incurred a financial obligation to Dell Financial Svcs, LP ("Ryan Obligation").

17. The Ryan Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

18. Defendants contend that the Ryan Obligation is in default.

19. The alleged Ryan Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20. RYAN is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. RYAN is informed and believes, and on that basis alleges, that sometime prior to February 9, 2011, the creditor of the Ryan Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PRIMARY for collection.

22. Within the one year immediately preceding the filing of this complaint PRIMARY contacted RYAN on multiple occasions via telephone and left voice messages in an attempt to collect the Ryan Obligation.

23. By way of limited example only, the following is a transcript of one such "live" telephonic voice message that PRIMARY left for RYAN on her home telephone voicemail system during the one-year period immediately preceding the filing of this complaint:

> "This message is for Deirdre Ryan. This is Audrey calling and I'm with Primary Financial Services. Please contact me at 1-800-661-0086. My extension is 3019."

24. At the time RYAN received the above telephonic voice message, she did not know the identity of caller.

25. At the time RYAN received the above telephonic voice message, she did not know any company named "Primary Financial Services."

26. At the time RYAN received the above telephonic voice message, she did not know that the caller was a debt collector.

27. At the time RYAN received the above telephonic voice message, she did not know that the call concerned the collection of a debt.

28. The telephone number 1-800-661-0086 is answered by is answered by persons who are employed by PRIMARY as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

29. PRIMARY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

30. PRIMARY is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. Within the one year immediately preceding the filing of this complaint and as set forth above, PRIMARY contacted the Plaintiff via telephone in an attempt to collect her alleged debts.

32. Within the one year immediately preceding the filing of this complaint the Plaintiff received one or more telephonic voice messages from PRIMARY, as set forth and described *supra*, on her home answering machine and/or voicemail system ("Messages").

33. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Each of the Messages was left by persons employed as debt collectors by PRIMARY in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

35. Each of the Messages uniformly failed to identify PRIMARY by its company name as the caller.

36. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

37. Each of the Messages uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

38. Each of the Messages uniformly failed to provide meaningful identification of PRIMARY's identity as the caller.

39. At the time Plaintiff received the Messages, she did not know the identity of caller.

40. At the time Plaintiff received the Messages, she did not know that the caller was a debt collector.

41. At the time Plaintiff received the Messages, she did not understand that the call concerned the collection of a debt.

42. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by PRIMARY, and then provide that debt collector with personal information.

43. PRIMARY intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

44. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and Districts Courts within the States of New York -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

45. At all times relevant to this action, PRIMARY was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

46. At all times relevant to this action, PRIMARY willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and similarly situated consumers, such as the Messages, that the call is from a debt collector.

47.  Scores of federal court decisions -- including the 11th Circuit Court of Appeals and Districts Courts within the States of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

48.  At all times relevant to this action, PRIMARY was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

49.  At all times relevant to this action, PRIMARY willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

50.  PRIMARY's act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

51.  PRIMARY's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

52.  The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that PRIMARY is a debt collector in a manner understandable to the least sophisticated consumer, PRIMARY has engaged in conduct designed to deprive consumers

of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

53. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

(a) Failing to provide meaningful disclosure of Defendant's identity;

(b) Failing to disclose that the call is from a debt collector; and

(c) Failing to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

54. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

55. This action is brought as a class action. Plaintiff brings this action on behalf of himself, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56. This claim is brought on behalf of a Plaintiff Class, consisting of a class of (a) all persons in the State of New York (b) for whom PRIMARY left a telephonic voice message, in the form of the Messages, (c) that failed to identify the caller as a debt collector or state that the call was for collection purposes (d) made in connection with PRIMARY's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

57. The identities of all class members are readily ascertainable from the records of PRIMARY.

58. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

59. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

60. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

61. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the powers of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. With respect to the

Plaintiff Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

63. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for PRIMARY, which, on information and belief, collects debts throughout the United States of America.

64. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

67. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

68. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

   (b) Placing telephone calls without providing meaningful disclosure of PRIMARY's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that PRIMARY is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e) Failing to disclose in all oral communications that PRIMARY is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII.  PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing GRAVINA and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for GRAVINA and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:     Uniondale, New York
           March 11, 2011

*[signature]*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

Abraham Klein, Esq. (AK-6300
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Deirdre Ryan, and all others similarly situated*