UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEIRDRE RYAN, an individual, on behalf of
herself and all others similarly situated,

      **Plaintiff**

      **-against-**                         **11-cv-01796(VB)(LMS)**

PRIMARY FINANCIAL SERVICES, LLC, an Arizona
Limited Liability Company; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25.

      **Defendant**
------------------------------------------------------------------X

## AFFIDAVIT OF CASEY MIDDLEMAN
## IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND JOIN PARTIES

I, Casey Middleman, duly sworn hereby deposes and states under penalty of perjury:

1.  I am familiar with this matter and make this affidavit in opposition to plaintiff's motion to amend caption and to join eleven (11) individual defendants. This affidavit is based upon my personal knowledge and a review of the books and records that Primary maintains in the ordinary course of business.

2.  I am the owner and Chief Operating Officer ("COO") of Primary Financial Services, LLC ("Primary"). I have been involved with debt collection almost all of my life as my father also operated a collection agency. My working experience in the industry amounts to approximately twenty-two years. I have been an owner of Primary since it's inception in 1996. Prior to being an owner of Primary, I have previously held the positions of debt collector, collection manager, project manager, production manager, unit supervisor, and due diligence manager. In my capacity as owner and COO, I am involved in the day to day business and compliance operations at Primary and am the point person for federal

and state law debt collection compliance, among other things.  In other words, I research and institute all policies and procedures adopted by Primary in its collection efforts.  I shape said compliance by consulting with attorneys and staying up-to-date with all changes in the law via frequent notifications from the associations Primary is a member of, such as the American Collectors Association.  Also, typical of an owner of a company, I also oversee and manage all employees below me via Mr. Leroy Rimbach, Primary's Vice President of Operations.  Further, despite plaintiff's claims, I have no middle initial.

3. Regarding Primary's message script at issue (attached at **EXHIBIT A**) I, and I alone, created said script in February 2010.  The script was designed based on my research and good faith understanding and interpretation of the recent case law regarding a collection agency's obligations related to leaving messages for consumers, and after consulting with an attorney, Jeff Turner.  Additionally, I personally introduced the script to Primary's debt collectors and trained them on how to comply with the script on or around February 2010.  Prior to that time, a similar but longer script existed, which referenced what a consumer should do if Primary had contacted the wrong party.  That part of the message was removed due to answering machines prematurely cutting off the full message.

4. Also, in reference to the message script, while plaintiff's counsel refers to it in his declaration (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 4, ¶9) as EXHIBIT D, the corresponding EXHIBIT D is not the script we produced to plaintiff.  The script we produced to plaintiff is attached at **EXHIBIT A** of this affidavit.  Moreover, the documentation plaintiff's counsel attached as EXHIBIT D related to leaving messages

*was not* produced by Primary and I am unsure of where the documents came from. Further, I have no personal recollection of having ever seen said documents.

5. It should be noted that Primary's one and only office location is 3115 N. 3rd Ave #112, Phoenix, AZ. 85013.

6. As to the proposal to join myself as an individual defendant, on the basis that 1) I am a principal owner, director, shareholder and/or manager of Primary, 2) I attempt to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) I personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary and 4) am a "debt collector" as defined by the Fair Debt Collections Practices Act ("FDCPA") (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 8-9, ¶¶ 55-77), I alternatively submit that 1) I did not contact the plaintiff in this case, 2) I did not leave any messages for plaintiff in this case, and 3) as described above, I never intentionally chose to act in contradiction of any law and do not believe that Primary has violated any law in this case.

7. Also, it should be noted that my one and only residence is in Maricopa County, Arizona.

8. As to the proposal to join my partner, Robert D. Hutton ("Hutton") as an individual defendant on the basis that 1) he is a principal owner, director, shareholder and/or manager of Primary, 2) he attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) he personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all

of the illegal policies and procedures used by other employees of Primary and 4) he is a "debt collector" as defined by the FDCPA (Mr. Horn Declaration, *Docket # 17*, Exhibit E, Pg. 9, ¶¶ 58-61), I alternatively submit that Hutton 1) is a co-owner of Primary and is involved in day-to-day *business* decision-making, client relations, operations, general supervision of lower level employees through the Vice President of Operations, Leroy Rimbach, as well as other responsibilities typical of an owner of a company, 2) Hutton did not contact the plaintiff in this case, 3) Hutton did not leave any messages for plaintiff in this case, 4) while Hutton is involved in general strategizing related to operations, policies, and procedures, which logically includes some compliance input, he does not institute compliance policies and is not as involved in the researching and planning of said policies as I am, and, 5) beyond a general discussion of business strategy, he did not in any way participate in the drafting of the message script at issue.

9. Moreover, Hutton's one and only residence is located in Maricopa County, Arizona.

10. As to the proposal to join Leroy Rimbach ("Lee") as an individual defendant on the basis that 1) he is the Vice President of Operations, 2) he attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) he personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) he is a "debt collector" as defined by the FDCPA, and 5) Lee reports to myself and Hutton (Mr. Horn Declaration, *Docket # 17*, Exhibit E, Pg. 9-10, ¶¶ 62-65), I alternatively submit that 1) while Lee is the Vice President of Operations for Primary and is involved in day-to-day *business* decision-making and general supervision of lower

level employees based on Hutton and I's instructions, 2) Lee did not contact the plaintiff in this case, 3) Lee did not leave any messages for plaintiff in this case, 4) Lee is not in any way involved in the creation or institution of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 5) he did not in any way participate in the drafting of the message script at issue.

11. Moreover, Lee's one and only residence is located in Maricopa County, Arizona.

12. As to the proposal to join Margot R. Raczo ("Raczo") as an individual defendant on the basis that 1) she is a collection manager, 2) she attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) she personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) she is a "debt collector" as defined by the FDCPA, and 5) Raczo reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 10, ¶¶ 67-71), I alternatively submit that while Raczo is a collection manager, she 1) only manages a select group of collectors within the Dell department, based on upper management instructions, 2) she provides on-the-job training, 3) assists with scheduling, 4) assists with collector phone calls, 5) she plays no role in company decision-making, 6) she does not sign anything on behalf of Primary, 7) she does not engage in client development, 8) she did not contact the plaintiff in this case, 9) she did not leave any messages for plaintiff in this case, 10) she is not in any way involved in the creation or institution of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any

laws, and 11) she did not in any way participate in the drafting of the message script at issue.

13. Moreover, Raczo's one and only residence is located in Maricopa County, Arizona.

14. As to the proposal to join Kathryn Jones ("Jones") as an individual defendant on the basis that 1) she is a collection manager, 2) she attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) she personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) she is a "debt collector" as defined by the FDCPA, and 5) she reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 10-11, ¶¶ 72-76), I alternatively submit that while Jones is a collection manager, she 1) only manages a select group of collectors in the Dell Department, based on upper management instruction, 2) she provides on-the-job training 3) assists with scheduling, 4) assists with collector phone calls, 5) she plays no role in company decision-making, 6) she does not sign anything on behalf of Primary, 7) she does not engage in client development, 8) she did not contact the plaintiff in this case, 9) she did not leave any messages for plaintiff in this case, 10) she is not in any way involved in the creation or institution of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 11) she did not in any way participate in the drafting of the message script at issue.

15. Moreover, Jones' one and only residence is located in Maricopa County, Arizona.

16. As to the proposal to join Todd W. Wooldridge ("Wooldridge") as an individual defendant on the basis that 1) he is a collection manager, 2) he attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) he personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) he is a "debt collector" as defined by the FDCPA, and 5) he reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 11-12, ¶¶ 77-81), I alternatively submit that 1) Wooldridge is a collection manager in the Wells Fargo Department and he does not, and did not, manage any of the employees in the Dell Department that contacted the plaintiff in this case, 2) in his capacity as Wells Fargo Department manager he only i) manages a select group of collectors within the Wells Fargo department based on upper management instructions ii) provides on-the-job training iii) assists with scheduling and iv) assists with collector phone calls, 3) he plays no role in company decision-making, 4) he does not sign anything on behalf of Primary, 5) he does not engage in client development, 6) he did not contact the plaintiff in this case, 7) he did not leave any messages for plaintiff in this case, 8) he is not in any way involved in the creation or implementation of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 9) he did not in any way participate in the drafting of the message script at issue.

17. Moreover, Wooldridge's one and only residence is located in Maricopa County, Arizona.

18. As to the proposal to join Thomas D. Ojinaga ("Ojinaga") as an individual defendant on the basis that 1) he is a collection manager, 2) he attempts to collect debts incurred, or

alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) he personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) he is a "debt collector" as defined by the FDCPA, and 5) he reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 12, ¶¶ 82-86), I alternatively submit that 1) Ojinaga is a collection manager in the Wells Fargo Department and he does not, and did not, manage any of the employees in the Dell Department that contacted the plaintiff in this case, 2) in his capacity as Wells Fargo Department manager he only i) manages a select group of collectors within the Wells Fargo department based on upper management instructions ii) provides on-the-job training iii) assists with scheduling and iv) assists with collector phone calls, 3) he plays no role in company decision-making, 4) he does not sign anything on behalf of Primary, 5) he does not engage in client development, 6) he did not contact the plaintiff in this case, 7) he did not leave any messages for plaintiff in this case, 8) he is not in any way involved in the creation or implementation of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 9) he did not in any way participate in the drafting of the message script at issue.

19. Moreover, Ojinaga's one and only residence is located in Maricopa County, Arizona.

20. As to the proposal to join Charlene A. Stone, ("Stone") as an individual defendant on the basis that 1) she is a collection supervisor, 2) she attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) she personally implemented,

which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) she is a "debt collector" as defined by the FDCPA, and 5) she reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 12-13, ¶¶ 87-91), I alternatively submit that 1) Stone is a collection supervisor in the Wells Fargo Department and she does not, and did not, manage any of the employees in the Dell Department that contacted the plaintiff in this case, 2) in her capacity as Wells Fargo Department supervisor she only i) supervises a select group of collectors within the Wells Fargo department based on upper management instructions ii) provides on-the-job training iii) assists with scheduling and iv) assists with collector phone calls, 3) she plays no role in company decision-making, 4) she does not sign anything on behalf of Primary, 5) she does not engage in client development, 6) she did not contact the plaintiff in this case, 7) she did not leave any messages for plaintiff in this case, 8) she is not in any way involved in the creation or implementation of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 9) she did not in any way participate in the drafting of the message script at issue.

21. Moreover, Stone's one and only residence is located in Maricopa County, Arizona.

22. As to the proposal to join Craig T. Newcomb, ("Newcomb") as an individual defendant on the basis that 1) he is a collection supervisor, 2) he attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) he personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees

of Primary 4) he is a "debt collector" as defined by the FDCPA, and 5) he reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 13, ¶¶ 92-96), I alternatively submit that 1) Newcomb only supervises collectors engaged in the collection of corporate and/or commercial collection accounts for Wells Fargo, as a result of debts incurred for *business purposes* only, based on upper-management instruction, 2) provides on-the-job training, 3) assists with scheduling, 4) assists with collector phone calls, 5) he plays no role in company decision-making, 6) he does not sign anything on behalf of Primary, 5) he does not engage in client development, 6) he did not contact the plaintiff in this case, 7) he did not leave any messages for plaintiff in this case, 8) he is not in any way involved in the creation or implementation of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 9) he did not in any way participate in the drafting of the message script at issue.

23. Moreover, Newcomb's one and only residence is located in Maricopa County, Arizona.

24. As to the proposal to join Tim White ("White") as an individual defendant on the basis that 1) he is a collection supervisor, 2) he attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) he personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of Primary 4) he is a "debt collector" as defined by the FDCPA, and 5) he reports to Lee (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 13-14, ¶¶ 97-101), I alternatively submit that 1) White is no longer a collection supervisor and was down-graded to a regular collector position due to reduced collection volume, 2) White no longer

supervises any other employees, 3) no one took over White's previous position, 4) he does not sign anything on behalf of Primary, 5) he does not engage in client development, 6) he did not contact the plaintiff in this case, 7) he did not leave any messages for plaintiff in this case, 8) he is not in any way involved in the creation or implementation of FDCPA compliance policies and procedures and thus could not have intentionally chosen to contradict any laws, and 9) he did not in any way participate in the drafting of the message script at issue.

25. Moreover, White's one and only residence is located in Maricopa County, Arizona.

26. As to the proposal to join Jamie G. Rimbach ("Rimbach") as an individual defendant on the basis that 1) she is a "company trainer", 2) she attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet, 3) she personally implemented, which knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and taught all of the illegal policies and procedures used by other employees of Primary 4) she is a "debt collector" as defined by the FDCPA, and 5) she reports to Lee, myself, and Hutton (Mr. Horn Declaration, *Docket # 17,* Exhibit E, Pg. 14-15, ¶¶ 102-106), I alternatively submit that 1) while Rimbach conducts the training classes for newly-hired debt collectors, which cover state law, FDCPA, other compliance issues, and general office policies and procedures, I instruct her on what material to cover, 2) she reports to myself only 3) she plays no role in company decision-making, 4) she has no supervisory functions related to the collectors and day-to-day performance, 5) she does not, in any circumstance, contact consumers regarding debts owed or attempt to collect debts from consumers 6) she does not sign anything on behalf of Primary, 7) she does not

intentionally chosen to contradict any laws, and 11) she did not in any way participate in the drafting of the language of the message script at issue.

27. Moreover, Rimbach's one and only residence is located in Maricopa County, Arizona.

28. On another note, it should be noted that, on or around 2/10/2011, despite Primary's original designation of the phone number at issue (914-739-9757) as plaintiff's place of employment phone number due to receiving the phone number in that manner from its client, it was later determined through "skip-tracing" research that said phone number was actually associated with "Russell and Barbara Ryan." A whitepages.com search still yields that result. See **EXHIBIT B**.

29. Finally, of all of the proposed individuals, plaintiff did not name the two former collectors that actually left the messages for plaintiff, Andre Coleman and David Ortega.

30. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _9-22-2011_

_____
Casey Middleman

Sworn to me this _22_ day of _September_ , _2011_

_Dawn M. Musselman_     09|22|11
NOTARY PUBLIC

OFFICIAL SEAL
DAWN M. MUSSELMAN
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires May 25, 2012